UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| HERBERT A. HUENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-282 |
| | ) | |
| THE LANDINGS CLUB, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On August 21, 2011, plaintiff Herbert Huene, a former attorney, was "[s]eized by uncontrollable incontinence" and urinated on some bushes in a public area near the entrance to The Landings neighborhood's golf course clubhouse. (Doc. 16-1 at 14 (amended complaint attached to motion to amend); doc. 1 at 3 (complaint).) Defendant The Landings Club, Inc. ("Club") suspended him from club activities for a period of two months. (Doc. 1 at 4.) He sued the Club, insisting that it had violated his rights under the Americans with Disabilities Act ("ADA") of 1990, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Georgia

state law. (Doc. 1 at 5.) He seeks $15,000 in compensatory damages and $100,000 in punitive damages along with an injunction requiring the Club to change its policies and procedures to safeguard against any future discrimination.[1] (*Id.*) The Club moves to dismiss his complaint and to deny his motion to amend (doc. 16). (Docs. 9 (motion to dismiss) & 18 (response to motion to amend).)

If a complaint fails to meet Fed. R. Civ. P. 8's pleading standards, it is subject to dismissal under Fed. R. Civ. P. 12(b)(6). As explained by the Eleventh Circuit, the Rule 8 standard is not toothless:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S. Ct. at 1965 (citation omitted). At the pleading stage, Federal Rule of Civil Procedure 8(a)(2) requires that "the plain statement possess enough heft to show that the pleader is entitled to relief." *Id.* at 557, 127 S. Ct. at 1966 (internal quotations omitted).

---

[1] He also requested injunctive relief barring the two-month suspension, but that claim is moot since the bar has passed. His motion for a temporary restraining order (doc. 2) should also be **DENIED** since he failed to accompany it with an affidavit or verified complaint showing immediate, irreparable injury, loss, or damage resulting from the Club's actions. Fed. R. Civ. P. 65(b).

2

*Williams v. Brown*, 347 F. App'x 429, 434-35 (11th Cir. 2009); *Gadson v. Chatham County Sheriff Dep't*, 2009 WL 1288866 at * 1 (S.D. Ga. May 8, 2009) (applying dismissal standards to pro se complaints and reminding that, while complaint language may be construed liberally, the same pleading rules apply to pro se litigants as represented litigants, and judges may not advocate for them). Hence, Huene must set forth a claim for relief that is factually supported as to every element of the claim and that rises above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8 of the Federal Rules of Civil Procedure).

Similar standards apply to Huene's motion to amend. Since the Club has answered, he may only amend "with the court's leave." Fed. R. Civ. P. 15(a)(2). While leave to amend should be given freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is not automatic. The Court must consider several factors, including futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Leave to amend a complaint

is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

Here, Huene is proceeding under the Court's federal question jurisdiction, 28 U.S.C. § 1331. (Doc. 1.) He raises several supplemental state law claims in both his original and amended complaints. (*Id.*; doc. 16.) The Court is authorized to dismiss such claims without analysis if his federal claims fail. 28 U.S.C. § 1367(c)(3). Hence, it will review Huene's federal claims before considering whether to exercise supplemental jurisdiction over his supplemental state law claims.

At the outset, defendant correctly points out that the majority of plaintiff's federal claims, both in his original and amended complaints, are utterly frivolous. For instance, Huene claims that the Club discriminated against him in violation of Title II of the ADA, 42 U.S.C. § 12132. (Doc. 1 at 5). Title II, however, applies solely to public entities, including (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or

local government; and (C) the National Railroad Passenger Corporation, and any commuter authority. . . ." 42 U.S.C. § 12131(1). The Club is none of those things, which explains why Huene abandoned that claim in his amended complaint. (Doc. 16-1 at 20.) Similarly, his constitutional claims fail. The Fourteenth Amendment's Equal Protection and Due Process Clauses are guarantees of protection against unjust *state* action. *E.g., Jeffries v. Georgia Residential Fin. Auth.*, 678 F.2d 919, 923 (11th Cir. 1982) (quoting and citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149 (1978)). While a private entity's actions may be attributable to the state, a plaintiff must show some "sufficiently close nexus" between the state and the challenged entity action or show that the state derived some direct benefits from the private entity's alleged constitutional deprivation so that the entity's action may be fairly treated as an action of the state itself. *Id.* (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). Here, Huene suggests that The Landings is effectively its own town, provides its own security, and has even considered incorporating. (Doc. 16-1 at 27.) The state, however, did not create the framework under which Huene was suspended or derive any direct benefit from the

allegedly unconstitutional action. Nor has Huene suggested that the Club's decision resulted from some delegation of authority from the state to perform some function with governmental significance. And he has not shown any other "nexus" between the state and the challenged action. Huene's Title II and constitutional claims thus fail.

The sole remaining federal claim is Huene's assertion that the Club violated Title III of the ADA, which bars disability discrimination by private entities that operate as places of public accommodation.[2] (Doc. 1 at 5; doc. 16-1 at 20-22.) But Title III does not provide for money damages, so that portion of his claim fails. *Jairath v. Dyer*, 154 F.3d 1280, 1283 n.7 (11th Cir. 1998) (citing 42 U.S.C. §§ 12188(a)(2) & 12188(b)(2)(B) for the proposition that monetary damages are only available if the civil action is initiated by the Attorney General). To the extent Huene seeks an injunction to safeguard against future acts of

---

[2] Specifically, Title III of the ADA provides that:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

discrimination, he must first show that he (1) is an individual with a disability, (2) the Club is a place of public accommodation, and (3) he was denied full and equal treatment because of his disability. *E.g. Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005). A satisfactory showing of discrimination under element (3) requires him to explain how the Club failed to make a reasonable modification in its policies, practices, or procedures to afford him the full and fair use of its facilities. 42 U.S.C. § 12182(b)(2)(A); *see PGA Tour, Inc. v. Martin*, 532 U.S. 661, 682 (2001). Accepting that Huene has a disability (urinary incontinence), he has not shown that the Club is a place of public accommodation or that his disability could be reasonably accommodated through a change in Club policy.

Under the ADA, golf courses and their accompanying restaurants and bars (i.e., the "nineteenth hole") are generally considered places of public accommodation, and are thus subject to the ADA's strictures. 42 U.S.C. § 12181(7)(B) & (L). But the ADA explicitly exempts private clubs from its requirements. 42 U.S.C. § 12187; *see* Am. Jur. 2d *Americans with Disabilities Act* § 651 (2011) (explaining that Title III does not apply to

private clubs exempted from coverage under Title II of the Civil Rights Act of 1964). To determine whether a private entity qualifies as a private club as opposed to a place of public accommodation, courts generally look to such factors as "the degree of member control of the club operations, the selectivity of the membership selection process, whether substantial membership fees are charged, whether the entity is operated on a nonprofit basis, the extent to which the facilities are open to the public, the degree of public funding, and whether the club was created specifically to avoid compliance with the Civil Rights Act." 28 C.F.R. Pt. 36, App'x C. Huene failed to plead any facts showing that the Club qualifies as a public accommodation in his original complaint. (Doc. 1.) In his amended complaint, he attempts to cure this defect but ultimately undermines his own claim. For instance, he admits that the Club is governed by an elected governor who appoints other club members to the Board of Governors; hence, it is member controlled. (Doc. 16-1 at 12.) It is also non-profit (*id.* at 5) and charges a $30,000 initiation fee separate from its yearly dues (*id.* at 9). These are hallmarks of a private club.

Huene makes much of the fact that the Club is not "truly" selective

in its membership -- while it requires a sponsor for membership, it *de facto* offers membership to any Landings homeowner. (Doc. 16-1 at 2-3.) Of course, broadly allowing Landings-subdivision homeowners to join is not the same as allowing anybody to walk in off the street and obtain a membership. Moreover, Huene has not suggested that the Club was created solely to avoid compliance with federal law. Each factor, then, weighs in favor of concluding that the Club is in fact a private club, not a place of public accommodation. Hence, it is exempt from the ADA's requirements.

Finally, even if the Club qualified as a private entity offering public accommodation, Huene's claim still fails. As best the Court can tell, the only modification he requested is the right to freely urinate on Club property whenever a nearby restroom is occupied. That is *not* reasonable since it potentially exposes other Club members (and the public at large, should any visitors be about) to Huene's bodily waste, not to mention an

unwelcomed view of his genitalia.[3] His proposed modification, therefore, is patently absurd.

Huene has not offered any valid federal claim in his original or amended complaints. His motion to amend his complaint (doc. 16) is futile to the extent he seeks to cure his federal claims, and that portion of his motion to amend is therefore **DENIED**. For the sake of this Report and Recommendation, however, the Court **GRANTS** his motion to amend his state law claims. Nevertheless, since Huene has failed to state a claim for federal relief, the Court declines to examine those state claims and instead recommends that they be dismissed pursuant to 28 U.S.C. § 1367(c)(3) (permitting a district court to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction). Defendant's motion to dismiss (doc. 9) should be **GRANTED**, and this case should be **DISMISSED**.

---

[3] Huene has not suggested that the Club has provided an inadequate number of restrooms. Nor has not suggested that he is incapable of using any of a plethora of commercially available incontinence pads or adult "diapers," which might have remedied the problem without any Club intervention.

**SO REPORTED AND RECOMMENDED** this  15th  day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA