UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HERBERT A. HUENE,

Plaintiff,

v.                    4:11-cv-282

THE LANDINGS CLUB, INC.,

Defendant.

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") recommending dismissal of Plaintiff Herbert Huene's ("Huene") case, to which Huene has objected. *See* Docs. 23, 26.

Huene objects only to the Magistrate Judge's recommendations regarding his ADA Title III claims. *See* Doc. 26 at 1. The Magistrate Judge, however, properly found that the Club is a "private club[]" and thus excepted from Title III of the ADA. *See* 42 U.S.C. § 12187.

Huene accuses the Magistrate Judge of improperly making a factual finding in deciding that the Club is a private club. The Magistrate Judge, however, took the facts as he found them in Huene's complaint. The Magistrate Judge did not make a factual finding in determining that the Club was private; he applied statutory law to the facts presented by Huene. *Cf. Welsh v. Boy Scouts of Am.*, 993 F.2d 1267, 1268, 1276 (7th Cir. 1993) (describing applicability of ADA private-club exception as an issue of law).

Furthermore, the Court agrees with both the Club and the Magistrate Judge that Huene has not requested or proposed a reasonable modification. *Cf.* 42 U.S.C. § 12182(b)(2)(A); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 682 (2001). Huene objects that the Magistrate Judge misconstrues the accommodation Huene seeks in his amended complaint. In that complaint, Huene asks the Court for an injunction requiring the Club to reinstate his membership and to refrain from revoking it in the future on account of his disability. *See* Doc. 16-1 at 21-22. Thus, the accommodation Huene seeks amounts to carte blanche to "urinate on Club property whenever a nearby restroom is occupied." Doc. 23 at 9-10. As indicated by the Magistrate Judge, Huene's proposed modification "is patently absurd." *Id.* at 10.

Huene's proposal for declaratory relief does nothing to remedy the absurdity. *See* Doc. 26 at 6 (noting willingness to add a declaratory judgment claim "seeking a declaration that the Club is subject to the ADA and violated it by failing to make reasonable accommodation with respect to its discipline of Plaintiff").

Huene lacks standing to assert any ADA claim against the Club for any alleged conduct toward Renata Yeager, because he cannot allege injury to himself arising from this conduct. *See* Doc. 16-1 at 19, 21; *cf. Jairath v. Dyer*, 154 F.3d 1280, 1283 n.8 (11th Cir. 1998) (analyzing standing in ADA case). The Magistrate Judge also correctly determined that Huene can assert

no claims for damages under the ADA. *See* Doc. 23 at 6; *Jairath*, 154 F.3d at 1283 ("[I]t is uncontested that there is no private right of action [under the ADA] for damages.").

Huene's lawsuit borders on frivolous litigation. Stripping away the sophistry of Huene's complaint, the Court is left looking at conduct that the Club should not have to tolerate.

The Court *ADOPTS* the R&R, *see* Doc. 23, as the opinion of the Court. Huene's claims are *DISMISSED*.

This 6th day of March 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA